UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-40728
_____


VIRGINIA HIGHTOWER, ET AL.,

                                        Plaintiffs-Appellees.

versus

TEXAS HOSPITAL ASSOCIATION, ET AL.,

                                        Defendants,

MEMORIAL HOSPITAL FOUNDATION OF PALESTINE,
INC., dba MEMORIAL HOSPITAL, ANDERSON
COUNTY MEMORIAL HOSPITAL RETIREMENT PLAN,
AKA THE TEXAS ASSOCIATION RETIREMENT PLAN FOR
MEMBER HOSPITALS - ANDERSON COUNTY MEMORIAL HOSPITAL,

                                        Defendant-Appellant,
_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

January 3, 1996

ON PETITION FOR REHEARING

(Opinion September 28, 1995, 5th Circuit, 1995, ___F.3d___)

Before DAVIS and JONES, Circuit Judges and COBB[1], District Judge

O R D E R :

        In their petition for rehearing, appellees have raised a
number of arguments that they did not make to this court in their
original appellate briefs.  Specifically, they contend that if the
scope of Title I and Title IV of ERISA are not construed

_____

        District Judge of the Eastern District of Texas, sitting by
designation.

consistently with regard to governmental plans that have, as here, been transferred to private entities, a number of problems will arise. The alleged problems will include the extent to which state law rules will govern matters otherwise controlled by federal law under ERISA's preemptive provisions in Title I; whether the Title I protections accorded the PBGC will continue to apply to 0court, and they are deemed waived and have played no role in our decision.

For this reason, and because appellees' reurging of their position on rehearing is otherwise not persuasive, the petition is **DENIED**.

Judge Cobb would grant the petition for a panel rehearing.